Lane M. Nussbaum, SBN 264200
Sandra L. Stevens, SBN 84727
**NUSSBAUM APC**
27489 AGOURA ROAD, STE 102
AGOURA HILLS, CALIFORNIA 91301
Tel. (818) 660-1919   Fax. (818) 864-3241

Attorneys for Plaintiff, DLI Properties, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DLI PROPERTIES, LLC<br><br>Plaintiff,<br><br>vs.<br><br>RAM YAKOBI; S. AMAR; IRIS (AMAR) PASHAIE and DOES 1-10<br><br>Defendants. | CASE NO. CV 17-4345-GW(FFMx)<br><br>[~~PROPOSED~~] ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT |

On April 26, 2017, Plaintiff filed an unlawful detainer action against Defendant Ram Yakobi. On June 12, 2017, Defendant Yakobi removed this action to this Court. Because this unlawful detainer action does not invoke any ground for federal jurisdiction as a matter of law, the Court **REMANDS** this case to Los Angeles County Superior Court.

This action does not give rise to federal-question jurisdiction under 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff may therefore avoid federal jurisdiction by relying exclusively on state law,

1

[PROPOSED] ORDER RE PLAINTIFF DLI PROPERTIES, LLC'S EX PARTE APPLICATION FOR ORDER ON DEMURRER TO COMPLAINT

and "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)).

Courts have repeatedly held that unlawful-detainer actions do not present a federal question. *All Mission Indian Hous. Auth. v. Magante*, 526 F. Supp. 2d 1112, 1114 (S.D. Cal. 2007). Moreover, Plaintiff does not allege any federal question in its Complaint, and any federal defense raised is irrelevant to jurisdiction. *Vaden, supra,* 556 U.S. at 60, *Hunter, supra,* 582 F.3d at 1042-1043.

Secondly, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§1332, 1441(b). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)). And in unlawful detainer actions, the title to the property is not the object of the litigation – only the right to possession. *See Evans v. Super. Ct.,* 67 Cal.App.3d 162, 170 (1977). The amount in controversy in an unlawful detainer action is therefore determined by the amount of damages sought in the complaint, not by the value of the subject property. *Id.* Since DLI Properties, LLC seeks less than $75,000, the requirements of diversity jurisdiction under 28 U.S.C. § 1332 cannot be met.

This case also does not invoke admiralty jurisdiction, as this routine, unlawful detainer case bears no connection – no matter how tangential – to traditional maritime activity. *See Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 674 (1982); *see also* 28 U.S.C. § 1333.

//

//

//

2

The Court therefore finds that it lacks subject-matter jurisdiction over this case and **REMANDS** the action to Los Angeles County Superior Court. The Clerk of Court shall close this case.

Defendant Ram Yakobi is hereby **ORDERED** to pay to Plaintiff DLI Properties, LLC, the sum of $900 in connection with this removal.

**IT IS SO ORDERED.**

Dated: June 29, 2017

_____
GEORGE H. WU, U.S. District Judge